IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>J. JESUS NAVA-AGUINIGA,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER ON COMPETENCY<br><br><br><br>Case No. 2:11-CR-111 TS |

This matter is before the Court for a determination of Defendant's competency to stand trial.  For the reasons discussed below, the Court finds Defendant to be competent.

I.  BACKGROUND

Defendant was initially indicted on February 9, 2011, on three counts of passport fraud, one count of aggravated identity theft, and one count of re-entry of a previously removed alien. This matter was originally set for trial on January 3, 2012, but was continued in order for Defendant to obtain an evaluation by an independent mental health expert.  On January 6, 2012, the Court issued an Order for Competency Determination in order to determine Defendant's competency to stand trial.

1

Defendant was evaluated at the Metropolitan Detention Center in Los Angeles by Dr. Tiffany Brown. Dr. Brown notes that a comprehensive evaluation was not possible due to Defendant's refusal to cooperate. As a result of Defendant's refusal to cooperate, Dr. Brown was unable to perform psychological testing, a legally focused clinical interview, or a historical data collection. However, Dr. Brown was able to observe Defendant's behavior at the Metropolitan Detention Center, review Defendant's mental health records from evaluations performed by other doctors when Defendant was admitted to the Utah State Hospital in the past, and interact with the Defendant. Despite the limitations caused by Defendant's refusal to cooperate, Dr. Brown was able to reach the following conclusions:

> Based on the information available, there is no objective evidence to indicate Mr. Nava-Aguiniga suffers from signs or symptoms of a major mental disorder, such as an affective disorder (e.g., Bipolar Disorder), psychotic disorder (e.g., Schizophrenia), or an organic disorder, that would impair his present ability to understand the nature and consequences of the court proceedings against him, or his ability to properly assist counsel in his defense. The defendant did not appear to have any significant difficulties in expressive (i.e., speaking) or receptive (i.e., understanding) language. Despite his refusal to participate, he did not appear to experience any difficulties in communicating his thoughts to the evaluator, when he chose to, nor did he thoughtlessly repeat the information.
>
> From the available collateral information, there is evidence to suggest that Mr. Nava-Aguiniga is able to ascertain reality, realistically appraise his behavior, and converse in a logical and coherent manner, all of which would be necessary, to some extent, to properly assist counsel in a defense. There is a possibility that Mr. Nava-Aguiniga will continue to be uncooperative with the court process and when interacting with his attorney; however, these behaviors appear to be a form of resistance and not suggestive of an underlying emotional or cognitive impairment. Overall, his inability and/or unwillingness to cooperate appear to be volitional in nature and not the product of a genuine mental illness.[1]

---

[1] Brown Forensic Evaluation, at 9.

Dr. Brown is able to point to several observations of and interactions with Defendant which helped lead her to her conclusions. Dr. Brown notes that after the purpose of the evaluation was explained to Defendant and the Court order for the evaluation was read to him, he asked relevant questions about whether his attorney had to be present or if he would be penalized for opting out of the evaluation.[2] Defendant then chose not to cooperate, but indicated he would be willing to speak to the evaluator off the record when the evaluation was over.[3]

In another interaction with the evaluator, Defendant sought to speak with the psychiatrist without other staff being present. Although his request was denied, Dr. Brown notes that Defendant was able to engage in "appropriate reciprocal communication," and that "[h]is speech was adequately enunciated, coherent, and goal-directed."[4]

During his time in the institution, Defendant "appeared to follow directions, maintained daily structured routines, socialized with peers, and participated in unit activities. He was frequently observed by staff to be walking around the unit, on the recreation deck, or socializing with other inmates."[5] He was assigned work as an orderly, and was able to comply with the sanitation requirements and adapt to the demands of incarceration.[6]

---

[2] *Id.* at 8.

[3] *Id.*

[4] *Id.* at 6.

[5] *Id.* at 5-6.

[6] *Id.* at 6.

Finally, Dr. Brown considered whether Defendant was malingering, noting that "the essential feature of malingering is the intentional production of false or grossly exaggerated psychological symptoms, motivated by external incentives, such as . . . evading criminal prosecution . . . ."[7]  Dr. Brown provided a rule out diagnosis of malingering regarding Defendant.  A "rule out" diagnosis means that "sufficient information exists to warrant consideration of a diagnosis, but not enough information to either conclusively assign[ ] the diagnosis, or to sufficiently distinguish it from another diagnosis that may account for an individual's presentation."[8]

Defendant's counsel sought to have a second psychological evaluation performed by Dr. Stephen Golding in June, 2012.  However, Dr. Golding was unable to make an evaluation because Defendant refused to cooperate.

## II.  DISCUSSION

18 U.S.C. § 4241(c) provides that a hearing on competency "shall be conducted pursuant to the provisions of section 4247(d)."  Under 4247(d), the Court must hold a hearing and Defendant must have an opportunity to testify, to present evidence, to subpoena witnesses on his

---

[7] *Id.* at 8.

[8] *United States v. Arendas*, 2012 WL 775412, at *2 (D. Utah Mar. 7, 2012); *see United States v. Grape*, 549 F.3d 591, 593-94 n. 2 (3d Cir. 2008); *Carrasco v. Astrue*, 2011 WL 499346, at *4 (C.D. Cal. Feb. 8, 2011); *Langford v. Astrue*, 2008 WL 2073951, at *3 (E.D. Cal. 2008); *Williams v. United States*, 747 F.Supp. 967, 978 n. 19 (S.D.N.Y.1990).

behalf, and to confront and cross-examine any witnesses who appear at the hearing.[9] The Court shall determine if Defendant is competent by a preponderance of evidence.[10]

"[T]he test for competency is whether the defendant 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.'"[11]  "When assessing a defendant's competence, 'the district court may rely on a number of factors, including medical opinion and the court's observation of the defendant's comportment.'"[12]

The Court has thoroughly examined and considered Dr. Brown's report. Additionally, the Court was able to question Defendant and observe his demeanor at the competency hearing. Defendant appeared reluctant to answer questions put to him by the Court, but was able to respond appropriately, especially when the importance of speaking the truth was impressed upon him. Based on its review of Dr. Brown's report and its interactions with Defendant, it is the opinion of the Court that Defendant's lack of cooperation is volitional. Furthermore, based on Dr. Brown's report and the Court's interactions with Defendant, the Court finds that Defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational, as well as factual, understanding of the proceedings against him.

---

[9] 18 U.S.C. § 4247(d).

[10] *Id*. § 4241(d).

[11] *United States v. Mackovich*, 209 F.3d 1227, 1231-32 (10th Cir. 2000) (quoting *Drope v. Missouri*, 420 U.S. 162, 171 (1975)).

[12] *Id*. at 1232 (quoting *United States v. Boigegrain*, 155 F.3d 1181, 1189 (10th Cir. 1998)).

## III.  CONCLUSION

It is therefore

> ORDERED that Defendant is competent to stand trial at this time.  It is further

> ORDERED that Speedy Trial time is excluded pursuant to 18 U.S.C. §§ 3161(h)(1)(A) from the time of the Motion for Competency Determination, January 5, 2012, to the date of this Order.  The Court will set this matter for a status conference to establish a new trial date by a separate notice.

> DATED October 4, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge